

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| SEAN C. FERRERO, §<br>　　　　Appellant, §<br>§<br>vs. §<br>§　　CIVIL ACTION 1:19-2292-MGL-SVH<br>WILLIAM K. STEPHENSON JR.,Trustee §<br>　　　　Appellee. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING APPELLANT'S REQUEST FOR LEAVE TO APPEAL,
AND DISMISSING THE ACTION**

Appellant Sean C. Ferrero (Ferrero) filed this bankruptcy appeal pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Ferrero's request for leave to appeal the Bankruptcy Court order be denied and this action be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 22, 2019, and Ferrero filed his objections on November 7, 2019. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Ferrero seeks to appeal the Bankruptcy Court's July 16, 2019, Order. Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, "a notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after entry of the judgment, order, or decree being appealed." But, Ferrero did not file his notice of appeal until August 12, 2019, twenty-seven days after the July 16, 2019, Order, and did not pay the filing fee until October 10, 2019.

The Magistrate Judge concluded that, "Because [Ferrero] filed his notice of appeal approximately [twenty-seven] days after the Bankruptcy Court's [O]rder, his notice of appeal is untimely. Accordingly, this [C]ourt lacks jurisdiction over the appeal." Report at 8 (footnote omitted). In Ferrero's objections, however, he blames his missing the deadlines to file his notice of appeal and to pay the filing fee on a medical condition and asks the Court to excuse his untimeliness.

Rule 8002(d)(1) of the Federal Rules of Bankruptcy Procedure provides that the time for filing a notice of appeal may be extended if a party files a motion with the Bankruptcy Court within the time prescribed by 8002(a)(1), or twenty-one days after the time, and the party shows excusable neglect. Unfortunately, this rule is of no aid to Ferrero.

Ferrero filed a motion in Bankruptcy Court on August 26, 2019, requesting "an extension of [thirty] days to consult with [his] legal partners on whether to appeal this matter or to go ahead and pay the [$6,000] as requested." Report at 3 (citation omitted). The Bankruptcy Court denied the motion. But, even if this motion had been liberally construed as a motion for an extension of time to file his notice of appeal under Rule 8002(d)(1), such motion would have also been untimely inasmuch as the motion was filed forty-one days after the Bankruptcy Court's July 16, 2019, Order.

2

In sum, the Magistrate Judge was correct: "this [C]ourt lacks jurisdiction over the appeal." Report at 8 (footnote omitted). And, because Ferrero's failure to file a timely notice of appeal on the Bankruptcy Court's July 16, 2019, Order deprives this Court of jurisdiction to review the Bankruptcy Court's Order, *see Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (C.A. 4 1986), the Court will overrule Ferrero's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Ferrero's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Ferrero's request for leave to appeal the Bankruptcy Court's Order is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 26th day of November, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Ferrero is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.